IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NATASHA ATKINSON

    Plaintiff,

-against-

MIDLAND FUNDING, LLC
A California Corporation

    Defendant.

Civil Action No. 2:15cv3-BRW

**JURY TRIAL DEMANDED**

This case assigned to District Judge Wilson
and to Magistrate Judge _____

## ORIGINAL COMPLAINT

Plaintiff, Natasha Atkinson (Atkinson), by her undersigned counsel brings this action against Midland Funding, LLC (Midland), and states:

### STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d), 15 U.S.C. §1681p and 28 U.S.C. §1367 for pendant State law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-107(a)(10).

3. The acts and events complained of in this Complaint occurred within Helena, Phillips County, Arkansas.

1

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Atkinson is a resident of Helena, Phillips County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Midland was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Midland is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR 72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Midland filed a lawsuit against Atkinson in the District Court of Phillips County, Arkansas on May 29, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Atkinson defaulted on a credit card account obligation with the original creditor, Credit One Bank A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

2

12. Midland asserted it purchased and was assigned the account.

13. The Complaint filed by Midland, and the attached affidavit, reflect an amount due of $594.16.

14. According to Midland's own account attachment, the principal amount charged off by the original creditor was $223.39.

15. Upon information and belief, the date of default was January 2012.

16. Upon information and belief, the amount claimed in the lawsuit filed by Midland contains interest and late charges accrued after the default date, as well as after it was charged off by the original creditor.

17. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

18. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed. 15 U.S.C. §1637(b).

19. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. §1637(b).

20. Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id*. At 12 C.F.R. §226.5(b)(2)(i).

21. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

22. One of those exceptions is if the creditor has charged off the account in accordance

with loan-loss provisions and will not charge any additional fees or interest on the account. 12 C.F.R. §226.5(b)(2)(i).

23. Therefore, under applicable regulations, Credit One Bank was required to send periodic statements to Atkinson until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account." 12 C.F.R. §226.5(b)(2)(i).

24. Previous to the alleged purchase of the account by Midland from Credit One Bank, Credit One Bank charged off an account alleged to have been incurred by Atkinson.

25. Because Credit One Bank had charged off the account, it was not required to send periodic statements to Atkinson as would otherwise be required by law.

26. Therefore, after charging off the account, Credit One Bank did not send any billing statements regarding the account to Atkinson.

27. Credit One Bank took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

28. The legal trade-off for entitling Credit One Bank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

29. Therefore, after the account was written off, Credit One Bank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

30. Midland professes to be in the same shoes as Credit One Bank due to its purchase and assignment of the account.

31. Midland would not acquire any greater rights than Credit One Bank had at the time

of the alleged purchase.

32. By assessing interest and other charges for which there was no legal basis, Midland is in violation of **15 U.S.C §1692f(1)** which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. By assessing charges, namely interest and late charges after the date of default, which are not authorized by the agreement or law, Midland is in violation of **15 U.S.C. §1692e(5)** by taking action that cannot legally be taken.

34. The Complaint further requests costs, attorney fee and for all other proper relief.

35. Because "costs, attorney fee and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1)**.

36. By not attaching the agreement upon which it is suing, Midland is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A)**.

37. By not attaching the agreement upon which it is suing, Midland is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f**.

38. Midland attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5)**.

39. Midland is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any

5

agreement between Atkinson and any creditor.

40. At the time it commenced the action against Atkinson, Midland possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

41. Upon information and belief, the principal amount charged off by the original creditor was $223.39.

42. The Complaint filed by Midland requests a judgment in the principal amount of $594.16.

43. Midland is attempting to collects amounts not expressly authorized by the agreement creating the debt or permitted by law in violation of **15 U.S.C. §1692f(1).**

44. Midland is seeking to collect amounts not owed in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

45. Midland has reported varying amounts allegedly owed by Atkinson to all three credit reporting agencies, from $644 to $743.

46. By reporting varying amounts allegedly owed by Atkinson, Midland is in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

47. Midland's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

48. Midland's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

49. The averments set forth in paragraphs 1-48 are adopted herein and incorporated as if set forth word for word.

50. Midland is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

    a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

    b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

    c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

    d. 15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

    e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

51. The averments contained in paragraphs 1-50 are hereby incorporated as if set forth word for word.

51. Midland asserted it purchased the Atkinson account from Credit One Bank on or about July 17, 2012 and asserted the balance owed was $594.16.

52. In January 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $644.00.

7

53. In February 2013 Midland reported to all three credit reporting agencies an amount owed by Atkinson of $653.00.

54. In March 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $660.00.

55. In April 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $668.00.

56. In May 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $675.00.

57. In June 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $683.00.

58. In July 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $692.00.

59. In August 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $697.00.

60. In September 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $705.00.

61. In October 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $712.00.

62. In November 2013, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $726.00.

63. In January 2014, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $733.00.

64. In February 2014, Midland reported to all three credit reporting agencies an amount owed by Atkinson of $743.

65. Midland asserted in its lawsuit that Atkinson is indebted to it in the amount of $594.16.

66. Midland, according to its lawsuit against Atkinson, had actual knowledge of the amount allegedly owed by Atkinson was $594.16.

67. Midland, despite actual knowledge of the amount allegedly owed by Atkinson, reported to all three credit reporting agencies that Atkinson was indebted to Midland varying amounts in violation of **15 U.S.C. 1681s-2(a)(1)(A).**

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

68. The averments contained in paragraphs 1-67 are hereby incorporated as if set forth word for word.

69. By representing that the principal amount owed by Atkinson was $594.16 when, according to its own attachment, the principal amount owed was $223.39, Midland was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

70. By reporting to all three credit reporting agencies amounts not owed by Atkinson, Midland was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

## DAMAGES

71. The averments set forth in paragraphs 1-70 are adopted herein and incorporated as if set forth word for word.

72. As a direct and proximate result of the occurrence made the basis of this lawsuit, Atkinson is entitled to the following damages:

   a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

  b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

  c. actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation.

  d. actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

  e. actual damages and attorney fees and costs pursuant to 15 U.S.C. §1681n.

## DEMAND FOR JURY TRIAL

73. The averments set forth in paragraphs 1-72 are adopted herein and incorporated as if set forth word for word.

74. Atkinson demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Atkinson prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. She be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

5. She be granted actual damages, costs and attorney fees pursuant to 15 U.S.C. §1681n.

Respectfully submitted,

*[signature]*

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

and

Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

Attorneys for Plaintiff


FILED
MAY 29 2014
12:20pm JS
CLERK

IN THE DISTRICT COURT OF PHILLIPS COUNTY -- HELENA, ARKANSAS

MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO CREDIT ONE BANK, N.A.
PLAINTIFF

VS.   NO. CV-14-230

Natasha Atkinson   DEFENDANT

## COMPLAINT

Plaintiff's Address:   C/O Law Office of Stephen P. Lamb, Attorney
P.O. Box 1027, Beebe, AR 72012, 501-882-9900

Defendant's Address:   1013 Walker Helena AR 72342

Court Address:   PHILLIPS COUNTY -- HELENA DISTRICT COURT
PO BOX 248 HELENA AR 72342

1. <u>Nature of Claim</u>:   This case is a suit on an account.

2. <u>Nature and Amount of Relief Claimed</u>: That the Defendant is liable to Plaintiff in the amount of $594.16, for all court costs incurred and an attorney's fee.

3. <u>Factual Basis of Claim</u>: Defendant received a credit account from Plaintiff's predecessor in interest, as detailed by the documents attached hereto upon which the claim is based. The Defendant made various charges on the account, leaving an outstanding balance due. Plaintiff obtained by assignment all rights, title and interest to the account. The outstanding debt remains unpaid despite the demands of Plaintiff.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the principal amount of $594.16, for all current and future court costs, an attorneys fee, and all other proper relief.

Plaintiff's Attorney

Law Office of Stephen P. Lamb
Stephen P. Lamb, ABA # 79-115
Mac Golden, ABA # 97-156
Attorneys at Law
P.O. Box 1027, Beebe, AR 72012
(501) 882-9900, 501-882-9901

By: _____

EXHIBIT 1

MIDLAND FUNDING LLC, as successor in
interest to CREDIT ONE BANK, N.A.

   Plaintiff

-vs-                                             AFFIDAVIT OF KORY HOLST

Natasha Atkinson,

   Defendant(s).

---

     Kory Holst, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.    I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of MIDLAND FUNDING LLC, the plaintiff in this action. Plaintiff purchases portfolios of delinquent accounts from either the original creditor or a subsequent purchaser of the account, and thereafter assigns the accounts to MCM to be serviced. Plaintiff does not operate and / or maintain a computer system. MCM holds the computer records and account information for accounts purchased by plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CREDIT ONE BANK, N.A. account (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2.    I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course

AFFIDAVIT OF KORY HOLST - 1

  

of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3.  MCM's records show that the defendant(s) owed a balance of $594.16 as of 2014-04-10.

I certify under penalty of perjury that the foregoing statements are true and correct.

APR 2 3 2014
_____
Date

Kory Holst

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on ___APR 2 3 2014___ by Kory Holst.

(Seal)

Christina J. Schoenborn
Notary Public

My commission expires: _____

AR7
Law Office of Stephen P. Lamb

AFFIDAVIT OF KORY HOLST - 2



AFFRECORD


| Field | Field Data |
|---|---|
| Merchant | Credit One Bank, N.A. |
| AccountNumber |  |
| SSN | *** |
| DateOfBirth | 07/08/1973 |
| BrwrFirstName | Natasha |
| BrwrLastName | Atkinson |
| BrwrAddr1 | 1009 Walker |
| City | Helena |
| State | AR |
| Zip | 72342 |
| Zip4 | 2529 |
| WorkPhone | 8709951939 |
| OriginationDate | 11/14/2011 |
| LastPmtAmt | NULL |
| ChgOffDate | 06/20/2012 |
| ChgOffBalance | $594.16 |
| Sale Amount | $594.16 |

Data printed by Midland Credit Management, Inc. from electronic records provided by Sherman Originator III, LLC pursuant to the Bill of Sale / Assignment of Accounts transferred on or about 7/17/2012 in connection with the sale of accounts from Sherman Originator III, LLC to Midland Funding LLC.

CREDIT ONE BANK CREDIT CARD STATEMENT
Account Number ████
June 20, 2012 to June 20, 2012

### SUMMARY OF ACCOUNT ACTIVITY

| | |
|---|---:|
| Previous Balance | $594.16 |
| Payments − | $0.00 |
| Other Credits − | $594.16 |
| Purchases + | $0.00 |
| Cash Advances + | $0.00 |
| Fees Charged + | $0.00 |
| Interest Charged + | $0.00 |
| **New Balance** | **$0.00** |
| Credit Limit | $300.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 06/20/12 |
| Days in Billing Cycle | 30 |

**QUESTIONS?**
Call Customer Service or Report
a Lost or Stolen Credit Card      1-877-825-3242
Outside the U S Call                 1-702-405-2042

Please send billing inquiries and correspondence to
P O BOX 98873 LAS VEGAS, NV 89193-8873

### PAYMENT INFORMATION

| | |
|---|---:|
| New Balance | $0.00 |
| Past Due Amount | $0.00 |
| Amount Due This Period | $0.00 |
| Minimum Payment Due | $0.00 |
| Payment Due Date | 07/15/12 |

**Late Payment Warning.**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance

For example

| If you make no additional charges using this card and each month you pay. | You will pay off the balance shown on this statement in about. | And you will end up paying an estimated total of |
|---|---|---|
| Only the minimum payment | 1 month | $594 |

If you would like a location for credit counseling services, call 1-866-515-5720

### TRANSACTIONS

| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
|---|---|---|---|---:|
| F572700HW00999990 | 06/20 | 06/20 | CHARGE OFF ACCOUNT-PRINCIPALS | -223.39 |
| F572700HW00999990 | 06/20 | 06/20 | CHARGE OFF ACCOUNT "FINANCE CHARGES" | -370.77 |
| | | | **Fees** | |
| | | | TOTAL FEES FOR THIS PERIOD | 0.00 |
| | | | **Interest Charged** | |
| | 06/20 | 06/20 | Interest Charge on Purchases | 0.00 |
| | 06/20 | 06/20 | Interest Charge on Cash Advances | 0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | 0.00 |

| 2012 Totals Year-to-Date | |
|---|---:|
| Total fees charged in 2012 | $210.00 |
| Total interest charged in 2012 | $49.83 |

### INTEREST CHARGE CALCULATION

Your Annual Percentage Rate (APR) is the annual rate on your account

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 23.90% (v) | $0.00 | $0.00 |
| Cash Advances | 23.90% (v) | $0.00 | $0.00 |

(v) = Variable Rate

---

5385   0000   BBH   1   5   19   120620        Z X Page 1 of 1        5727   9620   A064   O1CT5385   84993

Please return this portion with your payment, and write your account number on your check, made payable to CREDIT ONE BANK

PAY YOUR BILL ONLINE at CreditOneBank.com

| | |
|---|---|
| Account Number | |
| New Balance | $0.00 |
| Minimum Payment Due | $0.00 |
| Payment Due Date | 07/15/12 |
| AMOUNT ENCLOSED: | $ |

☐ For address, telephone and email changes, please check the box and complete reverse side
Or, update your contact information online at www.CreditOneBank.com

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

NATASHA ATKINSON                84993
1009 WALKER
HELENA AR 72342-2529

**CREDIT ONE BANK CREDIT CARD STATEMENT**
Account Number
May 20, 2012 to June 19, 2012

| SUMMARY OF ACCOUNT ACTIVITY | |
|---|---|
| Previous Balance | $548.10 |
| Payments − | $0.00 |
| Other Credits − | $0.00 |
| Purchases + | $0.00 |
| Cash Advances + | $0.00 |
| Fees Charged + | $35.00 |
| Interest Charged + | $10.06 |
| New Balance | $594.16 |
| Credit Limit | $300.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 06/19/12 |
| Days in Billing Cycle | 31 |

**QUESTIONS?**
Call Customer Service or Report
a Lost or Stolen Credit Card   1-877-825-3242
Outside the U.S. Call   1-702-405-2042

Please send billing inquiries and correspondence to
P O BOX 98873 LAS VEGAS, NV 89193-8873

| PAYMENT INFORMATION | |
|---|---|
| New Balance | $594.16 |
| Past Due Amount | $179.00 |
| Amount Due This Period | $450.16 |
| Minimum Payment Due | $594.16 |
| Payment Due Date | 07/15/12 |

**Late Payment Warning**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance

For example

| If you make no additional charges using this card and each month you pay | You will pay off the balance shown on this statement in about . | And you will end up paying an estimated total of . |
|---|---|---|
| Only the minimum payment | 1 month | $594 |

If you would like a location for credit counseling services,
call 1-866-515-5720

**TRANSACTIONS**

| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| | | | **Fees** | |
| | 06/19 | 06/19 | LATE FEE | 35.00 |
| | | | TOTAL FEES FOR THIS PERIOD | 35.00 |
| | | | **Interest Charged** | |
| | 06/19 | 06/19 | Interest Charge on Purchases | 8.13 |
| | 06/19 | 06/19 | Interest Charge on Cash Advances | 1.93 |
| | | | TOTAL INTEREST FOR THIS PERIOD | 10.06 |

| 2012 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2012 | $210.00 |
| Total interest charged in 2012 | $49.83 |

YOUR ACCOUNT IS SCHEDULED TO BE CHARGED OFF
THE BALANCE WILL BE DUE IN FULL  CALL (888)
729-8274
YOUR ACCOUNT IS CURRENTLY CLOSED

**INTEREST CHARGE CALCULATION**
Your Annual Percentage Rate (APR) is the annual rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 23.90% (v) | $408.21 | $8.13 |
| Cash Advances | 23.90% (v) | $96.80 | $1.93 |

(v) = Variable Rate

---

5385   0001   BBH   1   7   19   120619        C X Page 1 of 1        5727   9620   A064   O1CT5385   54592

Please return this portion with your payment, and write your account number on your check, made payable to CREDIT ONE BANK

PAY YOUR BILL ONLINE at CreditOneBank.com

| Account Number | |
|---|---|
| New Balance | $594.16 |
| Minimum Payment Due | $594.16 |
| Payment Due Date | 07/15/12 |
| AMOUNT ENCLOSED | $ |

☐ For address, telephone and email changes,
please check the box and complete reverse side
Or, update your contact information online
at www.CreditOneBank.com

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

NATASHA ATKINSON        54592
1009 WALKER
HELENA AR 72342-2529